## Case No. 12,884.

### SIMPSON v. LEIPER.

Circuit Court, E. D. Pennsylvania.   May, 1848.

DAMAGES—VERDICT—WHAT EXCLUDED.

Expenses and counsel fees are not to be included in the verdict as actual damages.

Before GRIER, Circuit Justice.

[Cited in 2 Whart. Dig. 414, to the point as stated above.   Nowhere reported; opinion not now accessible.]

## Case No. 12,885.

### SIMPSON v. MAD RIVER R. CO.

[6 McLean, 603.] [1]

Circuit Court, N. D. Ohio.   July Term, '1855.

PATENTS—UTILITY—DAMAGES.

1. A person who approves of an improvement of a patented right, but refuses to pay the price charged for it, is inexcusable for using it.

2. The fact of use is evidence of its utility, and should subject the defendant to damages.

[This was an action by Thomas D. Simpson against the Mad River Railroad Company for damages for the violation of letters patent No. 4,213, granted to plaintiff September 30, 1845.]

Curtis & Scribner, for plaintiffs.

OPINION OF THE COURT. This is an action for the violation of a patent right. On the 30th of September, 1845, the plaintiff obtained a patent for "an improvement in the mode of removing truck wheels, of locomotive and other engines." The agent of plaintiff was called on by the agent of defendant, who on examination was pleased with the improvement; and when the price of two hundred and fifty dollars was stated to him he refused to pay it. He had had the improvement in operation two weeks, as witness understood, and he said to the witness, he might bring suit.

There is no defence set up by the defendants, and the court instructed the jury that they could assess the damages, to which the plaintiff is entitled, for the violation of the patent. From the statement of the witness, it appears to be a very useful improvement in removing truck wheels of engines or cars, when they become defective and need repair. It saves much labor and expense, and also time. It is natural to conclude that from the time the improvement was first used by the defendants, nothing to the contrary appearing, it was continued in use, up to the time this suit was commenced. The case proved is evidence of the utility of the improvement.

The jury found a verdict of five hundred dollars, in damages. Judgment.

1 [Reported by Hon. John McLean, Circuit Justice.]